UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **STEVEN HAYNES** | : | **DOCKET NO. 18-cv-1356** |
| **REG. # 06238-078** | | **SECTION P** |
| **VERSUS** | : | **JUDGE SUMMERHAYS** |
| **U.S. DEPARTMENT OF JUSTICE, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a civil rights complaint [doc. 1] filed pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), by Steven Haynes, who is proceeding *pro se* and *in forma pauperis* in this matter. Haynes is an inmate in the custody of the Bureau of Prisons and is currently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana ("FCIO"). However, his claims relate to disciplinary proceedings against him during his incarceration at the Federal Prison Camp in Pensacola, Florida ("FPCP"). This matter has been referred to the undersigned under 28 U.S.C. § 636 and the standing orders of the court for initial review.

**I.
BACKGROUND**

Haynes complains of disciplinary proceedings at FPCP, through which he was convicted of Possession, Manufacture, or Introduction of a Hazardous Tool (Cellular Phone), a violation of BOP Offense Code 108. Doc. 1, att. 2; *see* doc. 1, att. 3, pp. 5–6. As a result the disciplinary hearing officer at FPCP imposed the following sanctions: (1) disallowance of 41 days of good conduct time, (2) forfeiture of 54 days of non-vested good conduct time, and (3) loss of commissary and phone privileges for six months. Doc. 1, att. 3, p. 6. Haynes complains that the

investigation of this incident and the manner in which the disciplinary hearing was conducted resulted in violation of his rights under the Fourth, Fifth, and Sixth Amendments to the United States Constitution, and that the sanctions amount to cruel and unusual punishment in violation of the Eighth Amendment. Doc. 1, att. 2. He now seeks restoration of his good conduct time, expungement of the incident and disciplinary reports, and any monetary award the court deems appropriate. Doc. 1, p. 5.

## II.
### LAW & ANALYSIS

Venue in a *Bivens* action seeking monetary damages is governed by 28 U.S.C. § 1391(b). *Stafford v. Briggs*, 100 S.Ct. 774, 784–85 (1980). That statute permits venue only in (1) the judicial district where any defendant resides, if all defendants reside in the state where the district court is located (2) the district where a substantial part of the acts or omissions giving rise to the claim occurred, or (3) if there is no district which qualifies under the above two provisions, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to the action. None of the defendants named herein resides in Louisiana.[1] Furthermore, all of the complained-of events – other than denials of Haynes's requests for administrative remedies, which do not give rise to a separate claim for relief and at any rate would not constitute a substantial part of the acts or omissions at issue – occurred at FPCP, in the territorial jurisdiction of the United States District Court for the Northern District of Florida. Therefore venue is plainly improper in this court for plaintiff's *Bivens* suit, and is only proper in the United States District Court for the Northern District of Florida.

---

[1] To the extent that Haynes would later seek to add other defendants, it appears that these would only be employees of the FPCP, all of whom would likely reside outside of this district.

If a district court where a suit is filed determines that venue is improper, it has the discretion to either dismiss the suit or, "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This court exercises its discretion to transfer the matter. We note, however, that Haynes's requests for restoration of good conduct credit and expungement/reversal of the disciplinary proceedings and conviction must be raised through a petition for writ of habeas corpus, not a *Bivens* suit. *E.g.*, *Edwards v. Carvajal*, 2016 WL 2637901, at *2 (W.D. La. Mar. 5, 2016), report and recommendation adopted, 2016 WL 2727048 (W.D. La. May 5, 2016); *Carbajal v. Riley*, 2009 WL 1788407, at *3 n. 4 (W.D. La. Jun. 17, 2009). Venue over a § 2241 petition is proper in this court as the district where Haynes is currently incarcerated. *Lee v. Wetzel*, 244 F.3d 370, 373–74 (5th Cir. 2001). Accordingly, the claims for expungement/reversal should be dismissed without prejudice as improperly filed under *Bivens* and may be refiled in this court as a petition for writ of habeas corpus.

### III.
#### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Haynes's claims for restoration of good conduct time and expungement/reversal of his disciplinary conviction and proceedings be **DISMISSED WITHOUT PREJUDICE** and that the remaining claim, seeking monetary relief under *Bivens*, be **TRANSFERRED** to the United States District Court for the Northern District of Florida.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking

either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

      THUS DONE AND SIGNED in Chambers this 7th day of November, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE